**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Gordon Miles,

        Plaintiff,

v.

Nancy Johnston, et al.,

        Defendants.

Case No. 24-cv-01012 (ECT/ECW)

**ORDER**

---

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 88) ("Motion to Amend"). For the reasons set forth below, the Court grants the Motion to Amend.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On March 21, 2024, Plaintiff filed the initial Complaint against Defendants. (Dkt. 1.) On November 8, 2024, Plaintiff filed a motion to amend (Dkt. 43), dated November 2, 2024, which was granted by the Court (Dkt. 47), and on December 23, 2024, the Amended Complaint (Dkt. 50) became the operative complaint. This Order incorporates the factual allegations contained in the Amended Complaint as set forth in this Court's July 10, 2025 Report and Recommendation. (*See* Dkt. 64.) The Amended Complaint asserted a First Amendment retaliation claim against Defendants David Miles, Kristen Sherlock, Nancy Stacken, Courtney Menton, and "John Does, and Jane Does" (Claim I); a Fourteenth Amendment claim for cruel and unusual punishment against Defendants Mike Messenger, Timothy Petersen, Justin Tuchek, Jacob Davis, Kevin Schleret,

Christopher Vanderpool, and Katy Porter, as well as against Stacken, Menton, Miles, Sherlock, Sarah McDowell, "Jane Doe," and "John Doe," (Claim II); and a Fourteenth Amendment Due Process Clause claim against Defendants Miles, Sherlock, and McDowell for forcing treatment upon Plaintiff as retribution and punishment without consent or due process (Claim III).  (*See* Dkt. 50 at 14-17.)

Defendants filed a Motion to Dismiss, and as noted above, on July 10, 2025 this Court issued a Report and Recommendation dismissing the Amended Complaint except as to "as to Claim II against Defendants Nancy Stacken, Courtney Menton, David Miles, and Kristen Sherlock insofar as it seeks injunctive relief, as well as monetary damages in their individual capacities, only insofar as Claim II is based on attempts to place Plaintiff in a double room (or lock him in a room with another person) and in Unit 1-E."  (Dkt. 64 at 36.)  The Report and Recommendation was accepted by United States District Judge Eric C. Tostrud on August 18, 2025.  (Dkt. 68.)

On August 27, 2025, Defendants filed an Answer as to the remainder of the Amended Complaint.  (Dkt. 69.)  On October 29, 2025, this Court issued a Pretrial Scheduling Order, setting the deadline to amend the pleadings and joinder of parties as February 21, 2026, and a fact discovery deadline as July 21, 2026.  (Dkt. 81.)

Plaintiff filed the present Motion to Amend on February 12, 2026.  (Dkt. 88.)  The proposed second amended complaint deletes Claim I, part of Claim II, and III (which were dismissed by Judge Tostrud), and deletes Defendants that had no part in the surviving claim within Count II.  (Dkt. 97.)  The proposed second amended complaint

also proposes to add four new defendants to this action, as it relates to the remaining

claim within Count II:

> **A. Dr. Mindy Siegert-Horgeshimer** ("Def. Horgeshimer") at all times mentioned herein, was the Clinical Supervisor of Unit 1-E at MSOP. Def. Horgeshimer was a member of Plaintiff's "Treatment Team" and overrode Plaintiff's treating psychologist's diagnosis and recommendation for a single room restriction and Discontinued Plaintiff's Single Room Restriction.
>
> **B. Ann Linkert** ("Def. Linkert") at all times mentioned herein was the Assistant Director at MSOP and a member of Plaintiff's "Treatment Team" and overrode Plaintiff's treating psychologist's diagnosis and recommendation for a single room restriction and Discontinued Plaintiff's Single Room Restriction.
>
> **C. Dr. Kathryn Schesso** ("Def. Schesso") at all times mentioned herein was the Associate Clinical Director at MSOP and a member of Plaintiffs "Treatment Team" and overrode Plaintiffs treating psychologist's diagnosis and recommendation for a single room restriction and Discontinued Plaintiff's Single Room Restriction.
>
> **D. Scott Giannini** ("Def. Giannini") at all times mentioned herein was the Unit Director of Unit1-E at MSOP, and a member of Plaintiff's "Treatment Team" and overrode Plaintiffs treating psychologist's diagnosis and recommendation for a single room restriction and Discontinued Plaintiff's Single Room Restriction. Def. Giannini further attempted to force Plaintiff into a locked room with another Client on Unit 1-E, which resulted in Plaintiff's tier level to drop to level 1 and Plaintiff to be on permanent restrictions.

(Dkt. 97 at 5-6.)  The proposed second amended complaint seeks to add these proposed

defendants to Claim II(C),[1] while removing the "Doe" Defendants.  (Dkt. 97 at 18.)  In

addition, the pleading seeks to add the following new factual allegations:

---

[1]    The Court notes that while the proposed second amended complaint deletes the claims dismissed by Judge Tostrud, it still contains parts of Claim II(C) regarding Defendant Miles' "Individual Treatment Plan (ITP)" and "Individual Program Plan (IPP)" for Plaintiff, but those parts of Claim II(C) should not be included in the second amended complaint, as these claims were also dismissed.  (Dkt. 64 at 26-28; Dkt. 68.)

72. On November 22, 2024 Defendants Menton, Horgeshimer, Linkert and Schesso ("Treatment Team" members) signed the Single Room Assignment "Discontinuation" order, overriding Plaintiff's treating Psychologist's (Dr. Ankarlo's) orders and failing to use Professional Judgment.

73. On February 19th, 2025 Defendant Giannini (a "Treatment Team" member) forced Plaintiff into a locked room with another Client, against Plaintiff's will, which resulted in Plaintiff being placed in the High Security Area (Segregation) and eventually moved to Unit Omega 1&2 (another long term disciplinary unit); and Plaintiff's Tier level was dropped form [sic]Tier 4 to Tier 1.

74. On March 12, 2025 Plaintiff was moved back to Unit 1-E and placed in a single room. As a Tier 1, Plaintiff is on restrictions, has no privileges and cannot participate in any Unit activities.

75. On 8/26/2025 Plaintiff wrote a Client Request to Def. Giannini requesting to be advanced in the Tier system and be assigned a Unit job; and Def. Giannini replied, stating: "Unfortunately, at this time you are not rule compliant which will keep you from advancing tiers. I would encourage you to address this issue, then follow policy for Tier advancement. Thank you."

76. On 8/28/2025 Plaintiff again wrote a Client Request to Def. Giannini requesting, et al.: "Please tell me exactly what rule(s) I am not in compliance with, ..."

77. On 9/3/2025 Def. Giannini replied stating: "As you continue to refuse to take a roommate, which is an expectation in policy, you are not rule compliant. I would encourage you to work with you [sic] treatment team regarding this continued behavior."

78. On 9/10/2025 and on 9/16/2025 Plaintiff wrote Program Manager, Jordan Goodman concerning Plaintiff's Tier advancement, a Unit job, and Plaintiff being in Policy compliant. Mr. Goodman replied: "I will defer you to your U.D .... and take a roommate ?$@*? Single room designation is removed ..." and "You will need to have the single room assignment removed, Please work w/ your UD on this ..."

(Dkt. 97 at 15-16.)

4

Defendants filed their opposition on February 18, 2026.  (Dkt. 95.)  On March 16, 2026, Plaintiff requested a hearing on the Motion to Amend, which was denied by the Court (Dkts. 98-99.)  The Motion is now ripe for a decision.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The determination as to whether to grant leave to amend is entrusted to the sound discretion of the trial court.  *Niagara of Wisc. Paper Corp. v. Paper Indus. Union Mgmt. Pension Fund*, 800 F.2d 742, 749 (8th Cir. 1986).  Rule 15(d) also provides, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  The Eighth Circuit has held that although amendment of a pleading "should be allowed liberally to ensure that a case is decided on its merits . . . there is no absolute right to amend."  *Ferguson v. Cape Girardeau County*, 88 F.3d 647, 650-51 (8th Cir. 1996) (citing *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989); *see also Chesnut v. St. Louis County*, 656 F.2d 343, 349 (8th Cir. 1981)).

Denial of leave to amend may be justified by "undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) ("A district court's denial of leave to amend a complaint may be

justified if the amendment would be futile.") (citation modified).  Notwithstanding that distinction, a motion to file an amended pleading under Rule 15(d) is governed by the same legal standards as a motion to amend a pleading under Rule 15(a).  *Fair Isaac Corp. v. Experian Info. Sols. Inc.*, No. 06-CV-4112 (ADM/JSM), 2009 WL 10677527, at *14 n.7 (D. Minn. Feb. 9, 2009) (collecting cases).

With this standard in mind, the Court turns to Plaintiff's Motion to Amend.

### III.    ANALYSIS

Plaintiff argues that the Motion to Amend is appropriate, as it seeks to join individuals as defendants whose identities he learned through discovery, who were part of his treatment team, and who were previously identified in the Amended Complaint as John and Jane Does.  (Dkt. 89 at 1-2.)  Plaintiff asserts that Defendants' arguments that the Motion to Amend should be denied ignores that they knew that he would be looking for the identities of these proposed defendants through discovery, the Motion to Amend is timely under the Pretrial Scheduling Order, the existing Defendants will not have their liability affected by the addition of the proposed defendants, and that the correct defendants need to be included in the present action to be held responsible for their actions.  (*Id.* at 4-5.)

Defendants oppose the Motion to Amend on the basis of undue delay and prejudice.  Specifically, they argue that this case has been going on for over two years, caused in part by Plaintiff's dilatory filing of a motion to amend mooting the first Motion to Dismiss, and that the proposed additional facts add nothing to prior allegations needed to frame this issue for the Court, as the new allegations all post-date the decision to place

6

Plaintiff in a single room against Dr. Ankarlo's alleged single-room restriction by more than a year. (Dkt. 95 at 3-4.) Defendants also argue that adjudication of the claims against them will be further delayed because Plaintiff will need to serve the new proposed defendants and those proposed defendants may bring a motion to dismiss. (*Id.* at 4.)

As a starting point, the Motion to Amend is timely under the Court's October 29, 2025, Pretrial Scheduling Order, setting the deadline to amend the pleadings and the joinder of parties as February 21, 2026. (Dkt. 81.) However, this does not end the analysis in terms of the timeliness of the Motion. As stated previously, denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party or unfair prejudice to the opposing party. *See Sanders*, 823 F.2d at 216. But absent prejudice to the non-moving party or bad faith, delay alone is an insufficient justification to deny leave to amend. *See Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998); *see also Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694-95 (8th Cir. 1981). "Any prejudice to the nonmovant must be weighed against the prejudice to the moving party by not allowing the amendment." *Bell*, 160 F.3d at 454. "The burden of proof of prejudice is on the party opposing the amendment." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (quoting *Sanders*, 823 F.2d at 217).

In this case, there is no evidence before the Court that Plaintiff unduly delayed the proposed addition of the new defendants. The parties' Rule 26(f) report initiating the start of discovery was filed on October 22, 2025 (Dkt. 79), and Plaintiff filed the instant Motion on February 12, 2026 (Dkt. 88). Defendants do not argue that Plaintiff knew the

identities of the proposed new defendants[2] well before Plaintiff filed the Motion or that Plaintiff did not act diligently to amend once he learned their identities through discovery.

Defendants do argue that the additional factual allegations in the proposed second amended complaint add nothing to the prior allegations needed to frame this issue for the Court, as "the new allegations all post-date the decision at issue by more than a year." (Dkt. 95 at 4.)  It is unclear what Defendants mean by this assertion.  Based on the operative Amended Complaint signed on November 2, 2024, Defendant Miles threatened Plaintiff with a single room assignment in January 2024 (Dkt. 50 ¶¶ 40, 42, 49) and Plaintiff was informed that his property was moved to a double room on November 1, 2024 (*id.* ¶ 70).  The new allegations in the proposed second amended complaint allege that on November 22, 2024, "Defendants Menton, Horgeshimer, Linkert and Schesso ('Treatment Team' members) signed the Single Room Assignment "Discontinuation" order, overriding Plaintiff's treating Psychologist's (Dr. Ankarlo's) orders and failing to use Professional Judgment" and thereafter he was placed in locked room with another client in February 2025.  (Dkt. 97 ¶ 72.)  Plaintiff seeks to add the new allegations relating to a November 22, 2024 decision over a year after that decision, but the allegations themselves do not describe conduct that occurred over a year after that decision.

---

[2]    The proposed new defendants are alleged to be members of Plaintiff's treatment team who overrode his treating psychologist's diagnosis and recommendation for a single room restriction and discontinued Plaintiff's single room restriction.  (Dkt. 97 at 5-6.)

Assuming that Defendants take issue with the fact that the allegations relate to conduct in November 2024 and February 2025, the Court finds no undue delay given that Plaintiff asserts he now has a more complete picture via discovery of all of the persons responsible for this move.  Moreover, the Court rejects Defendants' assertion that there is no reason to accept the proposed second amended complaint's implication that Siegert-Horgeshimer and Gianni were members of Plaintiff's treatment team before the challenged transfer occurred, because they are alleged to hold positions in the unit to which Plaintiff was transferred.  (Dkt. 95 at 4 (citing Dkt. 88-1 at 4).)  The proposed second amended complaint alleges that Siegert-Horgeshimer and Gianni were members of Plaintiff's treatment team at all times mentioned in the proposed second amended complaint.  (Dkt. 97 at 5 ¶ A, 6 ¶ D.)  Defendants' argument that they were not treatment team members at the relevant time cannot be decided on a motion to amend.

While the Court acknowledges that the new defendants may choose to bring a motion to dismiss resulting in delay, Defendants do not articulate a resulting undue prejudice.  Instead, judicial economy favors not having two separate actions resulting from the same overall course of events, which may later need to be consolidated thereby resulting in even further delays.  *See California v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, No. 20-CV-06761-EMC, 2023 WL 1873087, at *19 (N.D. Cal. Feb. 9, 2023) ("Furthermore, judicial economy would not be furthered by denying Plaintiffs an opportunity to supplement their pleading and requiring them to file a new action." (citing *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988))); *see also* 6A Wright & Miller's Federal Practice & Procedure § 1506 (3d ed. 2026) (noting that "[o]ne of the basic

9

policies of the rules . . . is that a party should be given every opportunity to join in one lawsuit all grievances against another party regardless of when they arose"; and that "the usual effect of denying leave to file a supplemental pleading because it states a new 'cause of action' is to force plaintiff to institute another action and move for consolidation under Rule 42(a) in order to litigate both claims in the same suit, a wasteful and inefficient result." (footnote omitted)).

For all of these reasons, the Court grants the Motion to Amend.

## IV.   ORDER

For all these reasons, and based on all the files, records, and proceedings herein,

**IT IS ORDERED THAT:**

1. Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 88) is **GRANTED**.

2. Docket Entry 88-1 is the operative Second Amended Complaint.  However, the parts of Claim II(C) regarding Defendant Miles' "Individual Treatment Plan (ITP)" and "Individual Program Plan (IPP)" for Plaintiff are **STRICKEN**, as these claims were previously dismissed.  (*See* Dkt. 64 at 26-28; Dkt. 68.)

3. Plaintiff must submit a properly completed Marshal Service Form (Form USM-285) for each new defendant in this action.  If Plaintiff does not complete and return the Marshal Service Forms within 30 days of this order, it will be recommended that this matter be dismissed without prejudice for failure to prosecute.  *See* Fed. R. Civ. P. 41(b); *see also Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").  Marshal Service Forms will be provided to Plaintiff by the Clerk's Office.

4. After the return of the completed Marshal Service Forms, the Clerk of Court is directed to seek waiver of service from each of the new named

defendants in their personal capacities, consistent with Rule 4(d) of the Federal Rules of Civil Procedure.

5.  If a new defendant sued in his or her personal capacity fails without good cause to sign and return a waiver within 30 days of the date that the waiver is mailed, the Court will impose upon that defendant the expenses later incurred in effecting service of process.  Absent a showing of good cause, reimbursement of the costs of service is mandatory and will be imposed in all cases in which a defendant does not sign and return a waiver of service form.  *See* Fed. R. Civ. P. 4(d)(2).

6.  The U.S. Marshals Service is directed to effect service of process on each of the defendants in their official capacities as agents of the State of Minnesota, consistent with Rule 4(j) of the Federal Rules of Civil Procedure.

7.  Existing Defendants Nancy Stacken, Courtney Menton, David Miles, and Kristen Sherlock shall respond to the Second Amended Complaint in accordance with the Federal Rules of Civil Procedure.

DATED:   May 12, 2026           *s/Elizabeth Cowan Wright*
                                ELIZABETH COWAN WRIGHT
                                United States Magistrate Judge

11